Elissa D. Miller (CA Bar No. 120029)
  emiller@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Sam S. Leslie, Chapter 7
Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-14137-NB |
| ZETA GRAFF, | Chapter 7 |
| Debtor. | **COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER, (2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER, AND (3) PRESERVATION OF PREFERENTIAL AND FRAUDULENT TRANSFERS** |
| SAM S. LESLIE, Chapter 7 Trustee, | |
| Plaintiff, | |
| vs. | DATE: |
| RED SEA CONSULTANCY FZE, | TIME:    [To Be Set By Summons] |
| Defendant. | PLACE: |

        For his Complaint for (1) Avoidance and Recovery of Preferential Transfer,
(2) Avoidance and Recovery of Fraudulent Transfer, and (3) Preservation of Preferential
and Fraudulent Transfers" (the "Complaint"), plaintiff Sam S. Leslie ("Plaintiff"), the duly
appointed, qualified, and acting chapter 7 trustee for debtor Zeta Graff (Debtor), hereby
alleges as follows:

## STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE

        1.        This Court has jurisdiction over this action pursuant to 28 U.S.C. §§
157(b)(1) and 1334(a).  This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A),

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1  (F), (H), and (O).  This action is a proceeding arising in and/or related to the bankruptcy

2  case of <u>In re Zeta Graff</u>, bearing Case No. 2:19-bk-14137-NB (the "Bankruptcy Case"),

3  which is a case under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 et

4  seq., (the "Bankruptcy Code"), and which is pending in the United States Bankruptcy

5  Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court"

6  or "Court").  Regardless of whether this proceeding is core, non-core, or otherwise,

7  Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

8  Defendant is hereby notified that Rule 7008 of the Federal Rules of Bankruptcy

9  Procedure requires defendant to plead whether consent is given to the entry of a final

10  order and judgment by the Bankruptcy Court.

11      2.      Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1408

12  and 1409.

13                **<u>PARTIES AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF</u>**

14      3.      On April 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition

15  under Chapter 11 of Title 11 of the United States Code.  On August 7, 2019, the case

16  was converted to one under Chapter 7 and Sam Leslie was appointed the Trustee and

17  has been serving in that capacity since.

18      4.      Plaintiff brings this action solely in his capacity as chapter 7 trustee for the

19  Debtor's estate and its creditors.  To the extent that Plaintiff hereby asserts claims under

20  11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that basis alleges thereon,

21  that there exists one or more creditors holding unsecured claims allowable under 11

22  U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have

23  avoided the respective transfer or obligation under California or other applicable law

24  before the Petition Date.

25      5.      Plaintiff was appointed as chapter 7 trustee after the Debtor's commenced

26  the instant Bankruptcy Case.  As a result, Plaintiff does not have personal knowledge of

27  the facts alleged in this Complaint that occurred prior to his appointment and, therefore,

28  alleges all those facts on information and belief.  Plaintiff reserves the right to amend this

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1  Complaint to allege additional claims against Defendant and to challenge and recover

2  transfers made to or for the benefit of Defendant in addition to the transfer alleged in this

3  Complaint.

4  6.      Plaintiff is informed and believes and, on that basis alleges thereon, that

5  defendant Red Sea Consultancy FZE (the "Defendant") is an entity doing business in the

6  State of California.  At all relevant times, Defendant was an entity for whose benefit the

7  recoverable transfer alleged in this Complaint was made and/or an immediate or mediate

8  transferee of such recoverable transfer.  Plaintiff is informed and believes that the

9  Defendant contends it is an entity with an address in the United Arab Emirates.

10  7.      Plaintiff is further informed and believes that to the extent the Defendant

11  exists, it is an entity owned and/or controlled by Nikolas Vomvigiannis, who is the

12  Debtor's brother and therefore, Defendant is an insider of the Debtor.

13  8.      One of the assets of this estate is residential real property title of which is

14  held by the Debtor located at 1704 Stone Canyon Road, Los Angeles, California (the

15  "Property").

16  9.      On or about July 13, 2015, a complaint was filed against the Debtor in the

17  Superior Court for the State of California commencing Case No. BC587724 for

18  defamation and other wrongful acts seeking compensatory and punitive damages (the

19  "State Court Action").  In the State Court Action, the Debtor filed an anti-slapp motion

20  which was denied.  She appealed the ruling and the Court of Appeals affirmed the denial

21  of the Motion.  This bankruptcy case was filed shortly thereafter.

22  10.     The Trustee is informed and believes and thereon alleges that during the

23  State Court Action, the Debtor was experiencing financial difficulties and not paying her

24  debts as they came due.

25  11.     Also during the pendency of the State Court action, on August 18, 2018, the

26  Debtor caused to be recorded against the Property a mortgage agreement as Document

27  No. 20180829722 (the "Mortgage Agreement").  The Mortgage Agreement was executed

28  by the Debtor and by Nikolas Vomvigiannis on behalf of the Defendant and purports to

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

secure the repayment of $5 million dollars (the "Transfer").  A true and correct copy of the

Mortgage Agreement is attached hereto as **Exhibit 1**.

### FIRST CLAIM FOR RELIEF

**(Avoidance and Recovery of Preferential Transfers Pursuant to**

**11 U.S.C. §§ 547 and 550)**

12.      Plaintiff realleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 11 of this Complaint as though set forth in

full.

13.      Plaintiff is informed and believes, and on that basis alleges thereon, that

during the one year period prior to the Petition Date, Debtor did not have sufficient funds

to pay her debts as they became due and fell behind on her payments to creditors.

14.      Plaintiff is informed and believes, and on that basis alleges thereon, that the

Transfer was made to or for the benefit of Defendant within one year of the Petition Date.

15.      Plaintiff is informed and believes, and on that basis alleges thereon, that the

Transfer satisfies the definition of "transfer" as that term is defined in 11 U.S.C. §

101(54).

16.      Plaintiff is informed and believes, and on that basis alleges thereon, that the

Transfer was made to Defendant, for the benefit of Defendant, as an alleged creditor of

the Debtor at the time of the respective transfer, as the term "creditor" is defined by 11

U.S.C. § 101(10).

17.      Plaintiff is informed and believes, and on that basis alleges thereon, that the

Transfer was a transfer of the Debtor's interest in the Property.

18.      Plaintiff is informed and believes, and on that basis alleges thereon, that the

Transfer was for or on account of an alleged antecedent debt owed by the Debtor to the

Defendant before the preferential transfer was made.

19.      Plaintiff is informed and believes, and on that basis alleges thereon, that the

Transfer was made while the Debtor was insolvent.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

20.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfer enabled the Defendant to receive more than the Defendant would have received if (a) Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the Transfer had not been made; and (c) the Defendant received payment of such debt to the extent provided by title 11 of the United States Code.

21.    Plaintiff is informed and believes, and on that basis alleges thereon, that interest on the Transfer has accrued and continues to accrue from the date the Transfer was made.

22.    Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Transfer as a lien on the Property or recover the equivalent value thereof for the benefit of the estate from the Defendant pursuant to 11 U.S.C. §§ 547 and 550.

## SECOND CLAIM FOR RELIEF

### (For Avoidance And Recovery Of The Transfer As Intentionally Fraudulent Transfer  Pursuant To 11 U.S.C. § 544(b) and 550(a) and Cal. Civil Code § 3439.04(a)(1) and 3439.07)

23.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint as though set forth in full.

24.    Plaintiff is informed and believes, and based thereon alleges, that during the four (4) year period preceding the Petition Date, the Transfer was made to or for the benefit of Defendant.

25.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made with the actual intent to hinder, delay and/or defraud Debtor's creditors in that, among other things:

a.    the Transfer was made while the Debtor was involved in the State Court Litigation;

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

b.      the Debtor never received $5 million from the Debtor prior to the Transfer;

c.      the address for the Defendant on the Mortgage Agreement is not an address which can be located in the UAE;

d.      the Defendant cannot be located on the internet;

e.      pursuant to records, Mr. Vomvigiannis, the party who signed the Mortgage Agreement on behalf of the Defendant, is the Debtor's brother and resides with the Debtor while in the United States;

f.      the value of the consideration received by the Debtor from Defendant was not reasonably equivalent to the value of the Mortgage Agreement at the time of the Transfer;

g.      the Transfer effectuated a transfer of substantially all of the Debtor's assets;

h.      the Debtor was insolvent at the time of the Transfer or became insolvent as a result of or shortly after the Transfer; and

i.      the Transfer occurred after the Debtor incurred substantial debt.

26.     At all relevant times, the Transfer was voidable under California Civil Code §§ 3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against the estate under 11 U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors include, without limitation, those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

27.     Plaintiff is entitled to an order and judgment under 11 U.S.C. §544(b) and 550(a) that the Transfer is avoided.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

### THIRD CLAIM FOR RELIEF

**(For Avoidance And Recovery Of The Transfer Pursuant To 11 U.S.C. § 544(b)**

**and 550(a) and Cal. Civil Code § 3439.04(a)(2) or 3439.05**

**and California Civil Code §3439.07)**

28.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26 of this Complaint as though set forth in full.

29.    The Transfer occurred within four years of the Petition Date.

30.    Plaintiff is informed and believes, and based thereon alleges, that at the time of the Transfer, the Debtor:  (i) was engaged in or was about to be engaged in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; (ii) intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due; or (iii) the Debtor was insolvent or became insolvent as a result of the Transfer.

31.    At all relevant times, the Transfer was voidable under California Civil Code §§ 3439.04(a)(2) or 3439.05 and California Civil Code § 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against their estates under 11 U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors include, without limitation, those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

32.    Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 544(b) and 550(a) that the Transfer is avoided.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

## FOURTH CLAIM FOR RELIEF

### (Avoidance And Recovery Of Fraudulent Transfer

### Pursuant To 11 U.S.C. §§ 548(a)(1)(A) and 550(a))

33.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 31 of this Complaint as though set forth in full.

34.     Plaintiff is informed and believes, and on that basis alleges thereon, that during the two (2) year period preceding the Petition Date, the Debtor made the Transfer for the benefit of the Defendant and/or herself.

35.     The Transfer was made by the Debtor with the actual intent to hinder, delay or defraud the Debtor's creditors.

36.     The Transfer was made by the Debtor to or for the benefit of Defendant and Defendant did not provide the Debtor with reasonably equivalent value and/or did not take such transfer in good faith.

37.     Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 548(a)(1)(A) and 550(a) that the Transfer is avoided.

## FIFTH CLAIM FOR RELIEF

### (Avoidance and Recovery Of Fraudulent Transfer

### Pursuant To 11 U.S.C. §§ 548(a)(1)(B) and 550(a))

38.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 36 of this Complaint as though set forth in full.

39.     Plaintiff is informed and believes, and based thereon alleges, that by virtue of the Transfer:  (i) the Debtor was insolvent or became insolvent as a result of such transfer; (ii) the Debtor was engaged in or was about to engage in a business or a transaction for which her remaining assets were unreasonably small in relation to the business or transaction; or (iii) the Debtor intended to incur, or believed or reasonably

1   should have believed that she would incur, debts beyond her ability to pay as they

2   became due.

3       40.     Plaintiff is entitled to an order and judgment under 11 U.S.C. §§

4   548(a)(1)(B) and 550(a) that the Transfer is avoided.

5                       **SIXTH CLAIM FOR RELIEF**

6                **(Recovery Of Fraudulent Transfer or**

7       **the Value Thereof Pursuant To 11 U.S.C. § 551)**

8       41.     Plaintiff realleges and incorporates herein by reference each and every

9   allegation contained in paragraphs 1 through 39 of this Complaint as though set forth in

10   full.

11       42.     Plaintiff is informed and believes, and based thereon alleges, that to the

12   extent that the Defendant is not the initial transferee of the Transfer, Defendant the

13   immediate or mediate transferee of the initial transferee of such transfer.

14       43.     Plaintiff is informed and believes, and based thereon alleges, that to the

15   extent the Defendant is the immediate or mediate transferee of the initial transferee of the

16   Transfer, the Defendant did not take such transfer for value and/or in good faith and/or

17   without knowledge of the voidability of such transfer.

18       44.     The Transfer is recoverable from the Defendant as the immediate or

19   mediate transferee of the Transfer that the Debtor made to others with the actual intent to

20   hinder, delay or defraud her creditors, including, without limitation, those creditors who

21   are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs

22   of claim against the Debtor's estate.

23       45.     To the extent the Transfer is avoided, Plaintiff may recover, for the benefit

24   of the estate, the Property, or, if the Court so orders, the value of the Property.

25

26

27

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

## SEVENTH CLAIM FOR RELIEF

### (For Preservation Of Transfer Avoided Under 11 U.S.C. § 551)

46.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in  paragraphs 1 through 45 of this Complaint as though set forth in full.

47.    Plaintiff is entitled to an order and/or judgment preserving, for the benefit of the estate, the Transfer once avoided.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant Red Sea Consultancy FZE as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1.    For a judgment that the Transfer is avoided under §§ 547 and 550 and/or providing any other remedy available under applicable law;

**ON THE SECOND CLAIM FOR RELIEF:**

2.    For a judgment that the Transfer is avoided under §§ 544(b) and 550(a), and Cal. Civil Code § 3439.04(a)(1) and 3439.07 and/or providing any other remedy available under applicable law;

**ON THE THIRD CLAIM FOR RELIEF:**

3.    For a judgment that the Transfer is avoided under §§ 544(b) and 550(a), and Cal. Civil Code § 3439.04(a)(2) or 3439.05 and 3439.07 and/or providing any other remedy available under applicable law;

**ON THE FOURTH CLAIM FOR RELIEF:**

4.    For a judgment that the Transfer is avoided under §§ 548(a)(1)(A) and 550(a) and/or providing any other remedy available under applicable law;

**ON THE FIFTH CLAIM FOR RELIEF:**

5.    For a judgment that the Transfer is avoided under §§ 548(a)(1)(B) and 550(a) and/or providing any other remedy available under applicable law;

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    **ON THE SIXTH CLAIM FOR RELIEF:**

2    6.    To the extent the Transfer is avoided, for a judgment that Plaintiff may

3    recover, for the benefit of the estate, the Property, or, if the Court so orders, the value of

4    the Property, under 11 U.S.C. § 550(a);

5    **ON THE SEVENTH CLAIM FOR RELIEF:**

6    7.    Preserving, for the benefit of the estate, the Property once the Transfer is

7    avoided under 11 U.S.C. § 551;

8    **ON ALL CLAIMS FOR RELIEF:**

9    8.    For costs of suit incurred herein, including, without limitation, attorney's

10    fees; and

11    9.    For such other and further relief as is just and proper.

12

13    DATED:  October 3, 2019          **Sulmeyer**Kupetz
                                        A Professional Corporation
14

15

16                                      By:    _____/s/ Elissa D. Miller_____
                                              Elissa D. Miller
17                                            Attorneys for Sam S. Leslie, Chapter 7
                                              Trustee
18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

EDM 2684268v1                          11

# EXHIBIT 1



**This page is part of your document - DO NOT DISCARD**



## 20180829722



**Pages:**
**0018**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**08/16/18 AT 04:26PM**

| | |
|---|---:|
| FEES: | 88.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 238.00 |



**L E A D S H E E T**



**201808163340081**

**00015613137**



**009283667**

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E269020

Mail to after recording:

GEOFF ZETA

Name

1704 STONE CANYON RD

Address

LOS ANGELES CA 90077

City/ State/ Zip Code

## Mortgage Agreement

**THIS MORTGAGE AGREEMENT (the "Mortgage") dated this** _4th_ **of January, 2018**

**BETWEEN:**

Zeta Graff of 1704 stone canyon LA CA 90077

(the "Mortgagor")                OF THE FIRST PART

### - AND -

Red Sea Consultancy FZE of 5627 Sakamkam, fujairah UAE

(the "Mortgagee")                OF THE SECOND PART

## Background

A.   The Mortgagor, being registered as owner of the estate in the following described property (the
"Property") located at 1704 stone canyon road LA CA 90077 in _Los Angeles_ the State of California,

United States, with the following legal descrption: APN 4370-009-024 .

B.    Any buildings or structures on the Property and anything now or later attached or affixed to the buildings or the Property including additions, alterations and improvements located on, above or below the surface of the Property are covered by this Mortgage. However, no additions, alterations or improvements will be made by the Mortgagor without the Mortgagee's prior written consent.  Any addition, alteration or improvement will be subject to all recorded easements, rights of way, conditions, encumbrances and limitations, and to all applicable building and use restrictions, zoning laws and ordinances, if any, affecting the Property.

**IN CONSIDERATION OF** the sum lent to the Mortgagor by the Mortgagee, in the amount of $5,000,000.00 U.S. DOLLARS (the "Principal Amount") the receipt of which the Mortgagor hereby acknowledges itself indebted, the parties to this Mortgage agree as follows:

### U.C.C. Security Agreement
1.    It is agreed that if any of the Property herein mortgaged is of a nature so that a security interest in the Property can be perfected under the Uniform Commercial Code, this instrument will constitute a Security Agreement and the Mortgagor agrees to join with the Mortgagee in the execution of any financing statements and to execute any and all other instruments that will be required for the perfection or renewal of such security interest under the Uniform Commercial Code.

### Governing Law
2.    This Mortgage will be governed by both the law of California and any applicable federal law (the "Applicable Law"). All rights and obligations contained in this Mortgage are subject to any requirements and limitations of the Applicable Law.

## MATTERS RELATING TO PAYMENT

### Promise to Pay
3.    The Mortgagor, for value received, promises to pay to the Mortgagee, on demand, the Principal Amount, interest and all fees and costs on the terms set out in this Mortgage or in any amendment, extension or renewal of the Mortgage and any additional amounts secured by this Mortgage on the terms elsewhere provided for such debts and liabilities.

### Interest

4.    The Mortgagor agrees to pay the Principal Amount with interest before and after maturity and before
and after default at the rate of 0.00 percent calculated per annum and compounding annually (the
"Interest Rate"). The Interest Rate will be calculated from the date this Mortgage begins (the "Interest
Adjustment Date") and accrues until the whole of the Principal Amount is paid. The Loan will be repaid
on the following terms:

    a.    The Principal Amount and interest will be repaid in consecutive monthly installments of $0.00
each on the _____ of each month.

    b.    The Interest Adjustment Date for this Mortgage is January 2, 2018.

    c.    The balance of the Principal Amount, if any, and any Interest thereon and any other moneys
owing under this Mortgage will be due and payable on the March 2, 2019 (the "Maturity Date").

### Place of Payment

5.    The Mortgagor will make monthly payments at  5627  Sakamkam,  fujairah  UAE  or at a location as
later specified by the Mortgagee.

### Funds of Escrow Items

6.    The Mortgagor will pay to the Mortgagee, on the day periodic payments are due under this Mortgage, a
sum (the "Funds") to provide for payment of (a) all taxes, assessments and other charges against the
Property; (b) ground rents or other lease payments on the Property; and (c) premiums for any and all
insurance required by Mortgagee (the "Escrow Items").

7.    The Mortgagor will notify the Mortgagee of all of amounts to be paid under this Section. At the
Mortgagee's discretion, the Mortgagor will provide receipts of such payments to the Mortgagee. If the
Mortgagor fails to make timely payments, the Mortgagee can, at its discretion, make any payments for
overdue Escrow Items on behalf of the Mortgagor and the Mortgagor will be obligated to repay the
Mortgagee for any such amount. The Mortgagee may waive the Mortgagor's obligation to pay for any
or all Escrow Items to the Mortgagee through written notice. If such waiver occurs, the Mortgagor is
responsible to pay the amounts due for any Escrow Items. The Mortgagee can at any time revoke the
waiver of any or all Escrow Item payments by written notice to the Mortgagor and, upon such
revocation, the Mortgagor will pay to the Mortgagee all Funds, and in such amounts, that are then
required under this Section.

8.  The Mortgagee will collect and hold the Funds in accordance with the Real Estate Settlement Procedures Act (the "RESPA"). The Mortgagee will reasonably estimate the amount of Funds due in accordance with the Applicable Law.

9.  If there is a surplus of Funds held in escrow, the Mortgagee will provide the Mortgagor with the excess funds in accordance with the RESPA. If there is a shortage of Funds held in escrow, the Mortgagee will notify the Mortgagor as required by the RESPA, and the Mortgagor will pay to Mortgagee the amount necessary to make up the shortage in accordance with the RESPA.

### Obligation to Pay without Set-off or Delay

10. The Mortgagor agrees to pay all amounts payable pursuant to this Mortgage and all additional amounts secured by this Mortgage without abatement, set-off or counterclaim. Should the Mortgagor make any claim against the Mortgagee either initially or by way of abatement, set-off or counterclaim, the Mortgagor agrees that any such claim will not diminish or delay the Mortgagor's obligations to make the payments as provided in this Mortgage.

### Application of Payments and Interest after Default

11. All monthly payments received by the Mortgagee will first be applied in payment of the interest calculated at the Interest Rate, and second in payment of the Principal Amount. However, if the Mortgagor is in default, then the Mortgagee will apply any payments received during this period as the Mortgagee chooses. If the Mortgagor is in default in payment of any amount including interest, interest will be payable on the interest and other arrears at the Interest Rate compounded monthly.

### Annual Prepayment Privileges

12. When not in default, the Mortgagor may prepay an amount not greater than 10.00% of the original Principal Amount of the Mortgage anytime during the year, up to and including the anniversary date of the Interest Adjustment Date (the "Annual Prepayment"). The Mortgagor may prepay any unpaid Annual Prepayment from previous years in addition to the Annual Prepayment from the current year.

### Full Prepayment Privileges

13. The Mortgagor may prepay the full outstanding balance (including the principal and any accrued interest) at any time without penalty or charge.

### Discharge

14.   When the Mortgagor pays the Principal Amount, interest and all the other amounts secured by this Mortgage in full and notifies the Mortgagee in writing and requests a discharge of this Mortgage, the Mortgagee will discharge this Mortgage. The Mortgagor will give the Mortgagee a reasonable time after payment in which to prepare and issue the discharge.

### Covenants and Warranties

15.   The Mortgagor warrants and agrees that:

    a.   the Mortgagor has good title to the Property;

    b.   the Mortgagor will preserve the Mortgagor's title to the Property and the validity and priority of this Mortgage and will forever warrant and defend the same for the Mortgagee against the claims of all persons;

    c.   the Mortgagor has the authority to mortgage the Property;

    d.   on default, the Mortgagee will have quiet possession of the Property;

    e.   the Property is free from all encumbrances;

    f.   the Mortgagor will execute further assurance of the Property as will be requisite;

    g.   the Mortgagor has not done any act to encumber the Property.

### Additional Covenants of Leasehold Property

16.   If the Mortgagor has a leasehold interest in the Property, the Mortgage will not apply to the last day of the term of the Lease or the term of any renewal or replacement of the Lease. The Mortgagor will hold the last day of each term in trust for the Mortgagee and transfer it on the Mortgagee's direction to any person acquiring such term.

17.   If the Mortgagor has a leasehold interest in the Property, the Mortgagor warrants and agrees that:

    a.   the Mortgagor has good and marketable leasehold title to the Property;

b.    the Mortgagor has a good, valid and subsisting lease of the Property (the "Lease") and has given to the Mortgagee a full and complete copy of that Lease;

c.    all rents and other monies payable under the Lease have been paid and the Mortgagor is not otherwise in default under any obligation set out in the Lease;

d.    the Mortgagor does not require the consent of the landlord to mortgage the leasehold interest in the Property, or if required, the Mortgagor has obtained the consent of the landlord to this Mortgage;

e.    the Mortgagor will pay rent and perform and observe all other obligations under the Lease;

f.    the Mortgagor will not encumber or surrender the lease or cause or allow it to be terminated or forfeited;

g.    the Mortgagor will not agree to any amendment of the Lease without first obtaining the Mortgagee's written consent; and

h.    the Mortgagor will renew the Lease as necessary to protect the Mortgagee's interest and the Mortgage will extend to any such renewal.

### Fixtures and Additions

18.    The Mortgagor agrees that the Property includes all property of any kind that is now or at any time in the future attached or affixed to the land or buildings or placed on and used in connection with them, as well as all alterations, additions and improvements to the buildings.

### Payment of Taxes and Other Encumbrances

19.    The Mortgagor will pay all taxes and other fees levied on the Property and all accounts for utilities supplied to the Property and all charges, mortgages, liens and other encumbrances on the Property when they are due and comply with all other obligations under them. Upon the Mortgagee's request, the Mortgagor will promptly provide receipts showing that the taxes and other accounts have been paid.

### No Sale Without Consent

20.    The Mortgagor will not sell, transfer, lease or otherwise dispose of all or any part of the Property or any interest in the Property or if a corporation, permit a change in control, without the Mortgagee's prior written approval. Any transfer approved by the Mortgagee must involve the purchaser, transferee or

lessee entering into an assumption agreement in a form satisfactory to the Mortgagee. Acceptance of any payments from any purchaser, transferee or lessee or after a change in control not approved in writing, will not constitute an approval or waiver by the Mortgagee.

### Property Insurance

21.   The Mortgagor will insure, in the Mortgagee's favor, all buildings on the Property that are the subject of the Mortgage.  The insurance will include protection against damage by fire and other perils including "extended peril coverage" and any other perils that the Mortgagee requests.  The insurance must cover replacement costs of any buildings on the Property in US dollars. The Mortgagor will choose the insurance company but the final selection is subject to the Mortgagee's approval.  The insurance policies will include a standard mortgage clause stating that any loss is payable to the Mortgagee.  This Mortgage will be sufficient proof for any insurance company to pay any claims to the Mortgagee and to accept instructions from the Mortgagee regarding any insurance claims relating to the Property.

22.   The Mortgagor will provide the following at the request of the Mortgagee:

    a.    a copy of the insurance policy;

    b.    receipts of all paid insurance premiums; and

    c.    renewal notices and evidence of renewal completion.

23.   In the event of loss, the Mortgagor will provide prompt notice to the Mortgagee and the insurance carrier. The Mortgagor will provide the Mortgagee proof of all claims at the Mortgagor's own expense and will perform all necessary acts to enable the Mortgagor to obtain all insurance proceeds from the claim.  The insurance proceeds, in whole or in part, will be applied to the restoration and repair of the Property, if the restoration and repair is economically feasible. If the restoration and repair is not economically feasible, then the insurance proceeds will be applied to the remainder of the Mortgage, whether or not the balance of the Mortgage is then due.  Any remaining funds from the insurance claim will be paid to the Mortgagor.

### Repair, Vacancy and Maintenance of the Property

24.   The Mortgagor will maintain the Property in good order and condition and will promptly make all necessary repairs, replacements, and improvements.  The Mortgagor will not allow any part of the Property to become or remain vacant without the written consent of the Mortgagee. The Mortgagor will not commit waste and will not remove, demolish or materially alter the Property or any part of it without

prior written consent from the Mortgagee. The Mortgagee may, whenever necessary, enter upon and inspect the Property. If the Mortgagor, or anyone claiming under the Mortgagor, neglects to keep the Property in good condition and repair, or commit any act of waste on the Property, or do anything by which the value of the Property is thereby diminished, all of which the Mortgagee will be the sole judge, the Mortgagee may (but is not obliged to) enter the Property and effect such repairs or work as it considers necessary.

### Environmental Hazards

25.    The Mortgagor will not use, store, release, deposit, recycle, or permit the presence of hazardous substances on the Property, generally accepted items for residential use excepted, which includes but not limited to asbestos, PCBs, radioactive materials, gasoline, kerosene, or other flammable petroleum products (the "Hazardous Substances"). The Mortgagor is also prohibited from performing any acts on the Property involving any Hazardous Substances that would materially affect the value of the Property or would require clean-up or remedial action under federal, state, or local laws and codes.

## DEFAULT AND REMEDIES

### Mortgagor's Right to Quiet Possession

26.    Until default by the Mortgagor under this Mortgage, the Mortgagor will have quiet possession and receive the rents and profits from the Property.

### Events of Default

27.    The Mortgagor will be in default under this Mortgage upon the happening of any of the following events:

a.    if the Mortgagor defaults in the payment of the Principal Amount, interest or any other amount secured by this Mortgage, when payment of such amount becomes due under the terms of this Mortgage or as elsewhere provided for any other amount secured by this Mortgage;

b.    if the Mortgagor fails to observe or to perform of any term or covenant which have agreed to observe or perform under this Mortgage or elsewhere;

c.    if any information or statement the Mortgagor has given or made before, at or after signing the Mortgage, in respect of the Property or the Mortgagor's affairs is incorrect or untrue at the time it was given or made;

d.      if the Mortgagor ceases or threatens to cease to carry on in a sound businesslike manner, the business in which the Mortgagor ordinarily conducts on, or with respect to all or any part of, the Property;

e.      if the Property is a condominium unit or units and a vote authorizes the termination of the condominium or the sale of all or substantially all of the condominium corporation's assets or its common elements or the condominium corporation fails to insure the unit and common elements;

f.      if a petition in bankruptcy is filed against the Mortgagor, if the Mortgagor makes a general assignment for the benefit of the creditors, if a receiver, interim receiver, monitor or similar person is placed or is threatened to be placed in control of or for the overview of Mortgagor's affairs or Property, or in the opinion of the Mortgagee, the Mortgagor becomes insolvent;

g.      if a construction or similar type lien is registered against the Property or if default occurs under any other lien, mortgage or encumbrance existing against the Property;

h.      if the Mortgagor abandons or does not visibly and consistently occupy the Property; or

i.      if the Property or a material part of the Property is expropriated.

**Acceleration on Default**

28.     If at any time the Mortgagor should be in default under this Mortgage, the Principal Amount and interest and all amounts secured by this Mortgage will, at the option of the Mortgagee, become due and payable immediately.

29.     If at any time the Mortgagor is in default and the Mortgagee does not require the Mortgagor to pay immediately in full as described above, the Mortgagee will retain the right to seek full immediate payment if the Mortgagor is in default at a later time.  Any forbearance on the part of the Mortgagee upon default, which includes but not limited to acceptance of late payment, acceptance of payment from third parties, or acceptance of payments less than the amount then due, will not constitute as waiver to enforce acceleration on default.

30.     In the event that the Mortgagee elects to accelerate the Mortgage, the Mortgagee will provide notice to the Mortgagor in accordance with the Applicable Law.

#### Additional Charges

31. The Mortgagor may be charged with fees in association with the default of this Mortgage or for the protection of the Mortgagee's interest for this Mortgage, which may include, but is not limited to, attorneys' fees and property inspections (the "Additional Fees"). The absence of specific charges which may be levied against the Mortgagor in this Mortgage does not preclude the Mortgagee from charging such costs as Additional Fees. However, the Mortgagee will not charge any fees which are prohibited by Applicable Law and the Mortgagee will not charge any fees above and beyond the amount or percentage allowed under the Applicable Law.   The Additional Fees will carry the rate of 0.00 percent and calculated annually. The Additional Fees' total including interest will become due upon written request by the Mortgagee.

#### Protection of Mortgagee's Security

32. If at any time the Mortgagor should fail to uphold the covenants in this Mortgage, or if a legal proceeding commences which materially affects the Mortgagee's interest in the Property, the Mortgagee may pay or perform any reasonable action as necessary to protect the Mortgagee's interest, which includes, but is not limited to:

    a.   payment of insurance premiums and taxes, levies, accruing against the Property;

    b.   payment of sums due secured by a prior lien which has priority over this Mortgage;

    c.   payment of legal fees in relations to any legal proceedings or legal costs arising from the Property; and

    d.   payment of reasonable costs in repairing and maintaining the Property.

33. Any action referred to in this section is optional for the Mortgagee and the Mortgagee has no duty or obligation to carry out any of the remedies listed in this section and will not incur any liability in the failure to perform such tasks.

34. Any amount disbursed by the Mortgagee in relation to the protection of the Mortgagee's security will become Additional Fees payable by the Mortgagor.

### Power of Sale

35. If at any time the Mortgagor should be in default under this Mortgage, the Mortgagee will have the right to foreclose and force the sale of the Property without any judicial proceeding. Any delay in the exercising of this right will not constitute as waiver on the part of the Mortgagee to exercise this option at a subsequent time should the Mortgagor remains in default or if the Mortgagor becomes default again in the future.

### Remedies on Default

36. The Mortgagee will have the right to pursue all remedies for the collection of the amounts owing on this Mortgage that are provided for by the Applicable Law, whether or not such remedies are expressly granted in this Mortgage, including but not limited to foreclosure proceedings.

37. If the Mortgagee invokes the power of sale, the Mortgagee or its agent will execute a written notice of the event of default and the Mortgagee's election to sell the Property. The Mortgagee or its agent will mail copies of the notice as prescribed by Applicable Law to the Mortgagor and other persons required by Applicable Law. The Mortgagee or its agent will give public notice of sale to the Mortgagor in the manner provided for by Applicable Law. After the time required by Applicable Law, the Mortgagee or its agent, without demand on the Mortgagor, will sell the Property at public auction to the highest bidder, at the time and place and subject to the terms indicated in the notice of sale. The Mortgagee or its agent may postpone sale of the Property by public announcement at the time and place of any scheduled sale.

## MISCELLANEOUS MATTERS

### Interpretation and Headings

38. Headings are inserted for the convenience of the parties to the Mortgage only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine gender mean and include the feminine gender and vice versa. Words importing persons include firms and corporations and vice versa.

### Severability

39. If any provision of this Mortgage will be held invalid or be prohibited by the Applicable Law, such provision will not invalidate the remaining provisions of this Mortgage and such provisions of the Mortgage will be amended or deleted as necessary to comply with the Applicable Law.

40.   Nothing contained in this Mortgage will require the Mortgagor to pay, or for the Mortgagee to accept, interest in an amount greater than that allowed by the Applicable Law.  If the payment of interest or other amounts under this Mortgage would otherwise exceed the maximum amount allowed under the Applicable Law or violate any law as to disclosure or calculation of interest charges, then the Mortgagor's obligations to pay interest or other charges will be reduced or amended to the maximum rate or amount permitted under the Applicable Law.

### Joint Signatures

41.   If the Mortgagor is more than one person or legal entity, each person or legal entity who signs it will be jointly and severally bound to comply with all covenants and obligations of the Mortgagor and the said covenants and obligations will bind all of the Mortgagor's successors and permitted assigns.  The Mortgage will enure to the benefit of the Mortgagee and the Mortgagee's successors and assigns.

### Statutory Covenants

42.   The covenants contained in this Mortgage are additional and supplemental, to the extent permitted by law, to the covenants set out in the Applicable Law regarding Mortgages.

### Demands and Notices

43.   Any notice given by either party in this Mortgage must be in writing. Unless otherwise provided in this Mortgage or prohibited by law, where this Mortgage allows or requires the Mortgagee to make a demand on or give a notice to any person, the Mortgagee will make the demand or give the notice by:
   a.   delivering it to the party at the Property or the party's last known address;
   b.   by mailing it by prepaid registered mail addressed to the party at the Property or the party's last known address;
   c.   by sending it by telefacsimile to the party's last known number; or
   d.   where the party is a corporation, by so delivering or sending it to the last known address or number of a director, officer, employee or attorney of the corporation.

44.   Any notice or demand delivered as described will constitute as sufficient delivery. Any notice, demand mail and facsimile (the "Notice") made will constitute as being effective on the same day that it was sent, unless the day in which the Notice was sent falls on a national holiday, Saturday or Sunday, in which case, the next business day would be considered as the day of receipt.

45.   Any party in this instrument whose address has changed is responsible for notifying the other respective parties of the change in address.

*Mortgage Agreement*                                                          Page 13 of 16

46.

## Signing this Mortgage

**IN WITNESS WHEREOF** the Mortgagor and Mortgagee have duly affixed their signatures under hand and seal on this __4th__ of January, 2018.

| | |
|---|---|
| **SIGNED, SEALED, AND DELIVERED**<br>this ____4th____ of January, 2018 in the presence of:<br><br>_____<br>A NOTARY PUBLIC IN AND FOR<br>The State of California | _____<br>Zeta Graff |
| **SIGNED, SEALED, AND DELIVERED**<br>this ____4th____ of January, 2018 in the presence of:<br><br>_____<br>A NOTARY PUBLIC IN AND FOR<br>The State of California | _____<br>Red Sea Consultancy FZE |

## Mortgagor Acknowledgement

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF Los Angeles

On this ___4TH___ day of January, 2018, before me, _Alexandra Kelsey NOTARY PUBLIC_ personally appeared: Zeta Graff, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Alexandra Kelsey_
Notary Public

_Alexandra Kelsey_
(print name)

ALEXANDRA KELSEY
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2118161
LOS ANGELES COUNTY
My Comm. Expires July 31, 2019

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    **CIVIL CODE § 1189**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                        )
County of _Los Angeles_                                   )
On _4 Jan 2018_ _____ before me, _Alexandra Kelsey, Notary Public_
      Date                                *Here Insert Name and Title of the Officer*
personally appeared _Nikolaos Vomvogiannis_
                                 *Name(s) of Signer(s)*
_____ N/A _____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Alexandra Kelsey_
                      *Signature of Notary Public*

**ALEXANDRA KELSEY**
**NOTARY PUBLIC - CALIFORNIA**
**COMMISSION # 2118191**
**LOS ANGELES COUNTY**
**My Comm. Expires July 31, 2018**

        *Place Notary Seal Above*
——————————————— **OPTIONAL** ———————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Mortgage Agreement_ Document Date: _4-Jan 2018_
Number of Pages: _14_ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____          Signer's Name: _____
☐ Corporate Officer — Title(s): _____       ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General                  ☐ Partner — ☐ Limited ☐ General
☐ Individual        ☐ Attorney in Fact           ☐ Individual        ☐ Attorney in Fact
☐ Trustee           ☐ Guardian or Conservator    ☐ Trustee           ☐ Guardian or Conservator
☐ Other: _____                              ☐ Other: _____
Signer Is Representing: _____                Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

## EXHIBIT "A"

PARCEL 1:

PARCEL "A", IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS SHOWN ON PARCEL MAP L.A. NO. 646, FILED IN BOOK 5, PAGE 26, OF
PARCEL MAPS, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

AN EASEMENT FOR INGRESS AND EGRESS OVER THAT PORTION OF LOT 2 OF TRACT NO.
22306, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS
PER MAP RECORDED IN BOOK 635, PAGES 75 TO 78, INCLUSIVE, OF MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST SOUTHERLY CORNER OF PARCEL "A", AS SHOWN ON PARCEL MAP
L.A. NO. 646, FILED IN BOOK 5, PAGE 26, OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY; THENCE ALONG THE SOUTHWESTERLY LINE OF SAID PARCEL
"A" NORTH 63° 02' 20" WEST 132.40 FEET TO T HE SOUTHWESTERLY CORNER OF SAID
PARCEL "A"; THENCE SOUTH 26° 57' 40" WEST 30.00 FEET; THENCE SOUTH 63° 02' 20" EAST
TO THE WESTERLY LINE OF STONE CANYON ROAD 40.00 FEET WIDE AS SHOWN ON SAID
MAP; THENCE NORTHERLY ALONG SAID TONE CANYON ROAD IN THE POINT OF BEGINNING.

04 0754269

3

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>SAM S. LESLIE, Chapter 7 Trustee | DEFENDANTS<br>RED SEA CONSULTANCY FZE |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Elissa D. Miller (CA Bar No. 120029)<br>*emiller@sulmeyerlaw.com*<br>SulmeyerKupetz, A Professional Corporation<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071<br>Telephone: 213.626.2311<br>Facsimile: 213.629.4520 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☒ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for (1) Avoidance and Recovery of Preferential Transfer, (2) Avoidance and Recovery of Fraudulent Transfer, and (3) Preservation of Preferential and Fraudulent Transfers – 11 U.S.C. §§ 544(b) and 550(a); 11 U.S.C. §§ 548(a)(1)(A) and 550(a); 11 U.S.C. §21 548(a)(1)(B) and 550(a); 11 U.S.C. § 551

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/propert y - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☐ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation or Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☐ Demand $ |

Other Relief Sought


American LegalNet, Inc.
www.FormsWorkFlow.com

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ZETA GRAFF | BANKRUPTCY CASE NO.<br>2:19-bk-14137-NB | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. NEIL W. BASON |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/Elissa D. Miller* | | |
| DATE<br>October 3, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Elissa D. Miller | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.


American LegalNet, Inc.
www.FormsWorkFlow.com